**Teresa E. NEATHERY, an individual, Plaintiff–Appellant,**

v.

**CHEVRON TEXACO CORPORATION GROUP ACCIDENT POLICY NO. OK–826458 AND ACCIDENT POLICY NO. SLG–000784, group welfare benefits plans under Erisa, Defendant–Appellee.**

No. 07–56325.

United States Court of Appeals, Ninth Circuit.

---

[**] This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

Submitted Dec. 11, 2008.*

Filed Dec. 15, 2008.

Susan L. Horner, Miller Monson Peshel Polacek & Hoshaw, San Diego, CA, for Plaintiff–Appellant.

Michael B. Bernacchi, Esquire, Burke Williams & Sorensen, LLP, Los Angeles, CA, for Defendant–Appellee.

Jay E. Sushelsky, Esquire, Senior, AARP Foundation Litigation, Washington, DC, for Amicus Curiae.

Before: NOONAN, SILVERMAN and BEA, Circuit Judges.

MEMORANDUM **

This case arises out of the denial of Plaintiff–Appellant Teresa Neathery's ("Neathery") claim for insurance benefits resulting from the death of her husband, Robert Neathery. Robert Neathery was insured under his employer's welfare benefit plan, which provided accidental death insurance coverage under two policies issued by Life Insurance Company of North America ("LINA"). Once her administrative remedies were "deemed exhausted," see 29 C.F.R. § 2560.503–1(*l*), Neathery brought suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, et seq., in the United States District Court for the Southern District of California.

The district court affirmed LINA's findings, relying in large part on a report by LINA's expert, Dr. Lewis ("Lewis Report"). ER 50–67. Neathery argues that the administrative record closed on September 20, 2005—the date LINA's appeal was due to be decided under the ERISA deadlines—and that the Lewis Report, which was presented several months after that date, was inadmissible as part of the administrative record subject to review. See 29 C.F.R. § 2560.503–1(i)(1)(i), (*l*). The passing of ERISA deadlines does not, by itself, signal the close of the administrative record, because it does not necessarily

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"alter the substantive relationship" between the parties. *See Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir.2005). In this case, the district court correctly ruled that Neathery had exhausted her administrative remedies before filing suit, a ruling that LINA does not challenge. ER 78. Because Neathery exhausted her remedies and properly brought suit, the relationship of the parties had changed. *Gatti*, 415 F.3d at 985. LINA submitted the Lewis Report nearly three months after the administrative record closed. The district court therefore erred in admitting the Lewis Report as part of the administrative record in its review of LINA's findings.

The judgment of the district court is REVERSED and REMANDED in accordance with this decision.